FILED
United States Court of Appeals
Tenth Circuit

June 24, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JUSTIN JOSEPH RUEB,

   Plaintiff - Appellant,

NEW TIMES, INC.; ASSOCIATION
OF ALTERNATIVE
NEWSWEEKLIES; DARK NIGHT
PRESS; CLAY DOUGLAS; LARRY
RICE; DORET KOLLERER;
CHRISTINE DONNER; MAOIST
INTERNATIONAL MOVEMENT;
BARRIO DEFENSE COMMITTEE;
ANTHONY LUCERO; MAXWELL
THOMAS; DANIEL HERNANDEZ;
ARTHUR McCRAY; GREG MOORE;
TRAVIS COLVIN; MARTIN
WILLIAMS,

   Plaintiffs,

v.

JOE ORTIZ, in his official capacity as
Executive Director of the Colorado
Department of Corrections,

   Defendant - Appellee.

No. 09-1515

(D. Colorado)

(D.C. No. 1:00-CV-00612-RPM-OES)

---

**ORDER AND JUDGMENT**[*]

---

 [*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Justin Rueb, a state prisoner and frequent filer in our court,[1] proceeding *pro se*, appeals the district court's denial of his motion to enforce a settlement agreement, and the district court's grant of the defendant's motion for termination of jurisdiction relating to enforcement of the settlement agreement.  We affirm.

On March 22, 2000, eight publishing entity plaintiffs and seven inmate plaintiffs filed an action against the Colorado Department of Corrections ("CDOC"), alleging that the CDOC improperly censored certain publications sent by the publisher plaintiffs to the inmate plaintiffs.  The title of the lawsuit was New Times, Inc. v. Ortiz.  Mr. Rueb, however, was not a party to the lawsuit.  The New Times action was not a class action, and was never certified as such.  The action challenged CDOC Administrative Regulation 300-26, contending the CDOC arbitrarily and unjustifiably censored incoming magazines, newsletters, books and other reading material based upon content.  The New Times plaintiffs

_____

[1]Mr. Rueb has three other appeals pending in our court, and he has filed more than two dozen other appeals.

-2-

alleged that the substantive censorship criteria used by the CDOC violated their First and Fourteenth Amendment rights.

On August 10, 2004, the parties settled the New Times case, and the district court approved the settlement on August 18, 2004. The settlement agreement required the defendant, Joe Ortiz, as Executive Director of the CDOC, to implement certain procedures and to refrain from altering an approved version of Administrative Regulation 300-26 for a period of two years. Additionally, plaintiffs' counsel was permitted to monitor compliance with the settlement agreement for the two-year period. The parties also stipulated that certain portions of seized publications be returned to the named inmate plaintiffs.

Director Ortiz points out paragraph 4 in the "Miscellaneous" section of the settlement agreement, which provides as follows: "[t]he parties stipulate that the terms of the Settlement Agreement are narrowly drawn, extend no further than necessary to correct the alleged violation of Plaintiffs' constitutional rights, are the least intrusive means necessary to correct the alleged violation of Plaintiffs' constitutional rights . . ." R. Vol. 2 at 44. The district court approved the parties' stipulated extension of the monitoring and compliance period until November 10, 2006. No further extensions were sought or approved by the court.

On May 13, 2009, Mr. Rueb filed a motion to enforce the settlement agreement, complaining primarily of a limitation on the quantity of paperwork, personal books, and magazines he could possess, as well as the denial of his access to hardcore pornography. The district court ordered defendant Director

Ortiz to respond. Mr. Ortiz responded, arguing that 1) Mr. Rueb lacked standing to bring his claims in the <u>New Times</u> action; 2) Mr. Rueb's motion failed to allege any facts on which a finding of noncompliance could be based; and 3) the express terms of the settlement agreement expired on November 10, 2006. Mr. Ortiz also filed a separate motion for termination of jurisdiction relating to enforcement of the settlement agreement, citing 18 U.S.C. § 3626(b).[2] Plaintiffs responded to Mr. Ortiz's motion and Mr. Ortiz, in turn, filed a reply. Mr. Rueb filed another motion to enforce the consent decree, challenging various prison policies, including policies directing the seizure of newspaper and magazine clippings, prohibitions against the receipt of commercially made photos, confiscation of calendars, and a ban on certain kinds of pornography.

---

[2]18 U.S.C. § 3626(b) provides as follows:

    (1) Termination of prospective relief. — (A) In any civil action with respect to prison conditions in which prospective relief is ordered, such relief shall be terminable upon the motion of any party or intervener–
            (i) 2 years after the date the court granted or approved the prospective relief;
            (ii) 1 year after the date the court has entered an order denying termination of prospective relief under this paragraph; or
            (iii) in the case of an order issued on or before the date of enactment of the Prison Litigation Reform Act, 2 years after such date of enactment.
    (B) Nothing in this section shall prevent the parties from agreeing to terminate or modify relief before the relief is terminated under subparagraph (A).

On October 16, 2009, the district court denied Mr. Rueb's motion to enforce the settlement agreement, concluding that Mr. Rueb had failed to allege how the limitations on his reading materials and property violated the terms of the settlement agreement. The district court also granted Mr. Ortiz's motion for termination of jurisdiction relating to enforcement of the settlement agreement, and it closed the New Times case. Mr. Rueb filed this appeal, challenging both decisions of the district court.

We need not linger over this appeal. The district court clearly explained why Mr. Rueb's effort to enforce the settlement agreement fails.[3] Furthermore, as the defendant points out, Mr. Rueb was never a party to the settlement agreement, which, by its terms, was intended to be narrowly construed and enforced in favor of the named plaintiffs in the New Times lawsuit, which did not include Mr. Rueb. The court also explained why it was proper, under 18 U.S.C. § 3626(b), to terminate jurisdiction relating to enforcement of the settlement agreement. Mr. Rueb fails to rebut the district court's conclusions on appeal. We accordingly affirm the district court's order for substantially the reasons stated in that order. We deny Mr. Rueb *in forma pauperis status* on appeal, as we conclude this appeal

---

[3]Mr. Rueb himself concedes that he had not "filed any affidavits or sworn declarations in the district court . . . in support of the allegations made in [his] Rule 71 consent decree enforcement motions." Appellant's Br. at 16.

is frivolous, and we assess a PLRA strike against Mr. Rueb.[4] We direct

Mr. Rueb to make full payment of the filing fee forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[4]The frivolousness of this appeal is, in part, demonstrated by the fact that the district court specifically discussed a prior unsuccessful attempt by another inmate, Jacob Ind, to "enforce" the same consent decree. Mr. Ind's case was virtually identical to Mr. Rueb's, and its lack of success should have alerted Mr. Rueb to the futility of his own case. To the extent Mr. Rueb's argument about "possible plaintiff counsel replacement" is a request to appoint counsel for him, we decline to do so. Appellant's Br. at 36.